UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Brandon Edwards

     v.                          Civil No. 19-cv-1271-JD
                                 Opinion No. 2020 DNH 080
Warden, FCI Berlin


O R D E R

Brandon Edwards, proceeding pro se, seeks relief, pursuant
to 28 U.S.C. § 2241, from his conviction and sentence in the
District of Connecticut for unlawful felon-in-possession of
ammunition.  He is currently incarcerated at FCI Berlin, in the
District of New Hampshire.  The government moves to dismiss on
the ground that Edwards is not entitled to relief under § 2241.


Factual Background

On November 18, 2010, Edwards was charged with one count of
unlawful possession of ammunition by a convicted felon in
violation of 18 U.S.C. § 922(g)(1) and 924(e)(1).  He pleaded
guilty and was sentenced to a term of 180 months of imprisonment
to be followed by 60 months of supervised release.  United
States v. Edwards, 553 F. App'x 104 (2d Cir. 2014).  Judgment
was entered on September 25, 2010.  Id.

On appeal, Edwards challenged the district court's finding
that he qualified as an armed career criminal under the Armed

Career Criminal Act.  Id.  The district court's judgment was affirmed.  Id. at 105.  Edwards filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255, raising claims "pertaining to the plea negotiation process, sentencing, and appeal." Edwards v. United States, 2016 WL 1312000, at *1 (D. Conn. Apr. 4, 2016).  The court dismissed his claim that challenged the plea negotiation process and denied the other claims in the petition.  Id., *5-*10.  The court did not issue a certificate of appealability.

## Legal Background

Generally, petitions challenging a federal conviction or sentence must be brought under § 2255 in the district where the petitioner was sentenced.  See McKinnon v. Spaulding, --- F. Supp. 3d ---, 2020 WL 1245049, at *2 (D. Mass. Mar. 13, 2020); Concepcion v. Hazelwood, 2019 WL 376389, at *2-*3 (D.N.H. Jan. 9, 2019); Pryer v. Grondolsky, 2017 WL 4540959, at *2 (D. Mass. Oct. 11, 2017).  Before filing a second or successive petition under § 2255, however, the petitioner must seek authorization from the court of appeals.  Bucci v. United States, 809 F.3d 23, 25 (1st Cir. 2015).  In this case, Edwards did not seek authorization from the Second Circuit for a second or successive petition and instead filed a petition under § 2241.

A defendant may seek relief under § 2241 in these circumstances only if relief under § 2255 is "inadequate or ineffective to test the legality of his detention."  § 2255(e). Relief is inadequate or ineffective under § 2255(e), known as the savings clause, in limited circumstances.  United States v. Barrett, 178 F.3d 34, 52-53 (1st Cir. 1999).  Such circumstances exist if the petitioner makes a credible allegation of actual innocence or, based on a new statutory interpretation by the Supreme Court, the petitioner is no longer guilty of the crime of conviction.  McKinnon, 2020 WL 1245049, at *3 (citing Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) and Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000)).

In support of his petition, Edwards relies on Rehaif v. United States, 139 S. Ct. 2191 (2019).  There, the Supreme Court interpreted 18 U.S.C. § 922(g) and § 924(a)(2) to require the government to prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[1]  Id. at 2200.  The relevant category under § 922(g)(1) in this case, is "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," which means that

---

[1] Under § 922(g)(1), a person in a restricted category also cannot possess ammunition.

the person is a felon.  United States v. Velázquez-Aponte, 940
F.3d 785, 800 (1st Cir. 2019).  Therefore, under Rehaif, when a
defendant is charged with being a felon in possession of
ammunition in violation of § 922(g)(1) and § 924(a)(2), the
government must prove both that the defendant knew he possessed
the ammunition and that he knew he was in the restricted
category, that is, when he possessed ammunition, he knew he had
been convicted of a crime punishable by imprisonment for a term
exceeding one year.

## Discussion

Relying on Rehaif, Edwards argues that the government
failed to prove that he knew that he was a felon when he
possessed the ammunition that was the basis of the charge
against him.  He contends that he can bring his petition under
§ 2241, through the savings clause, because he was convicted of
conduct that is no longer criminal under the law, as interpreted
in Rehaif.

The government moves to dismiss, arguing that the § 2255(e)
does not apply to allow Edwards's petition because he cannot
show he is actually innocent of the charge of being a felon in
possession of ammunition.  In support, the government represents
that at his change of plea hearing Edwards was asked if he had
been convicted of a felony offense and Edwards answered

affirmatively.[2]  The government further argues that Edwards's
failure to allege in his petition that he was unaware of his
felony conviction makes relief under § 2241 unavailable to him.

In his objection to the motion to dismiss, Edwards argues
that the savings clause does not require a showing of actual
innocence, which he contends is an anachronistic view of the
statute.  Instead, he argues that it applies when the Supreme
Court issues a ruling, after a prisoner's first § 2255 motion,
interpreting a statute in a manner which raises the potential
that the prisoner was convicted of conduct that that, as
interpreted, the statute does not make criminal.  He further
argues that he has made that showing.

As is stated above, the savings clause applies when, based
on a new statutory interpretation by the Supreme Court, the
petitioner is no longer guilty of the crime of conviction.[3]
Sustache-Rivera, 221 F.3d at 16.  Edwards, however, has not
shown that occurred in his case.

---

[2] The government cites "Def. Mot." as the source for the
information about Edwards's change of plea hearing.  Apparently,
the government is referring to pages of the transcript that
Edwards submitted with his addendum to the petition (document
no. 5).  It would be helpful to the court if the government
would provide a more accurate and precise citation.

[3] In a footnote and relying on a case from the Eleventh
Circuit Court of Appeals, the government states that the savings
clause is not available in these circumstances.  Because the
government does not press that argument, it need not be
addressed here.

Edwards contends that before the charged offense, he did
not know of his status as a felon.  He states that he did not
know that a crime punishable by a year or more of incarceration
was a felony.  He also asserts that no court had ever made him
aware that he "was sentenced to felony convictions."  Doc. no.
13, at *3.  Edwards filed a copy of a transcript from a
sentencing hearing in 2003 in a Connecticut state court, where
he received a sentence of four years concurrent to a federal
sentence of four years, to show that the court did not tell him
he was being sentenced for a felony conviction.[4]

Edwards is mistaken about the elements of an offense under
§ 922(g)(1) and § 924(e)(1).  Because a crime that is punishable
by a term of imprisonment of more than one year is a felony, a
person in that relevant category under § 922(g)(1) is referred
to as a felon in possession of a firearm or ammunition.  See
Velázquez-Aponte, 940 F.3d at 800; Nair v. United States, 2020
WL 1515627, at *3 (W.D. Wash. Mar. 30, 2020).  Section
922(g)(1), however, does not include the term "felon" or
"felony" as a restricted category or an element of the crime.
Instead, § 922(g)(1) prohibits possession of ammunition by "any

---

[4] The transcript shows that it is from State of Connecticut
v. Brandon Edwards, CR 03 0216807S, CR 02 0211886S, MV 02
0460860S (Ct. Sup. Ct. May 22, 2003), and appears to be the
transcript of a plea hearing.  The transcript also bears
markings that indicate it was filed in Case 3:10-cr-232-EBB, as
document number 99-3, on August 6, 2012.

person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year."

Edwards does not dispute that, before he possessed the ammunition during the offense of conviction, he had been convicted of crimes "punishable by imprisonment for a term exceeding one year." § 922(g)(1). He also knew he had served prison terms of more than one year. The transcript that Edwards attached to his objection confirms that knowledge, and he acknowledged that status during his change of plea hearing. Because Edwards knew when he possessed ammunition, as charged, that he had served prison sentences of more than one year for prior crimes, he had the requisite knowledge of his restricted status. See, e.g., Rosario Figueroa v. United States, 2020 WL 2192536, at *5 (S.D.N.Y. May 6, 2020).

Therefore, Edwards has not shown that the savings clause applies here to allow the court to consider his petition under § 2241.


## Conclusion

For the foregoing reasons, the government's motion to dismiss (document no. 12) is granted.

Because Edwards did not make a "substantial showing of the denial of a constitutional right," the court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.


Joseph A. DiClerico, Jr.
United States District Judge


May 12, 2020

cc:  Brandon Edwards, pro se
     Seth R. Aframe, AUSA